UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>               Plaintiff,<br><br>vs.<br><br>ADA COUNTY, et al.,<br><br>               Defendants. | Case No. 1:21-cv-00447-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

### INTRODUCTION

Before the Court is Plaintiff's Motion for Reconsideration as well as an Expedited Motion for Preliminary Injunction. Dkts. 16, 17. For the reasons explained below, the Court will deny both motions, enter judgment in defendants' favor, and direct the Clerk not to accept any further filings in this closed case.

### BACKGROUND

Plaintiff Raul Mendez is proceeding pro se and in forma pauperis. He sued various defendants under 42 U.S.C. § 1983. In November 2022, this Court dismissed the entire action, without leave to amend, relying on the doctrine of *res judicata*. *See* Dkt. 15. As the Court previously pointed out in that November order, every claim Mr. Mendez alleges here is barred by virtue of the resolution in his earlier case, *Mendez v. Ada County*, Case No. 1:19-cv-00301-BLW. In that 2019

case, the Court dismissed all claims, and the Ninth Circuit affirmed that dismissal in *Mendez v. Ada County, et al.,* Case No. 290-35917 (9th Cir. 2021). Mr. Mendez asks the Court to reconsider its dismissal of this 2021 action.

## DISCUSSION

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. Nevertheless, the Ninth Circuit instructs courts to treat motions to reconsider as motions to alter or amend under Federal Rule of Civil Procedure 59(e). *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening

**MEMORANDUM DECISION & ORDER - 2**

change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted) "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 883).

In addition to relying on Rule 59(e), Mendez also cites Rule 54(b) as the basis for his request. Rule 54(b) allows an order to be revised at any time under the Court's inherent authority. *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). When determining the merits of a request to reconsider an interlocutory order, both this Court and district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Accordingly, the standard applied

**MEMORANDUM DECISION & ORDER - 3**

is the same regardless of whether the underlying authority is Rule 54(b) or Rule 59(e).

The Court has carefully considered each of Plaintiff's arguments in support of his motion to reconsider and finds that he has failed to reach the high standard for this Court to reconsider its earlier ruling. To the contrary, Plaintiff is attempting to relitigate issues that have been conclusively resolved in the 2019 action, and the Court thus stands by its earlier decision dismissing this case on res judicata grounds. Accordingly, the Court will deny the motion to reconsider and enter judgment in this case, which moots the pending motion for an expedited preliminary injunction.

## ORDER

**IT IS ORDERED** that:

1. Plaintiff's Motion to Reconsider (Dkt. 16) is **DENIED.**

2. Plaintiff's Expedited Motion for an Expedited Preliminary Injunction (Dkt. 17) is **DEEMED MOOT.**

3. The Court will enter judgment in Defendants' favor, in accordance with Rule 58.

4. The Court will not entertain any further filings in this closed cases. Any such filings will be summarily denied.

DATED: March 1, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION & ORDER - 5**